UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM ST PIERRE, an individual, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROLIFIC ACQUISITIONS GROUP, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No.: 2:16-cv-02467-APG-NJK<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 10) |

The plaintiff has moved for entry of default judgment. ECF No. 10. Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether a default judgment will be granted is within the district court's discretion. *Id*.

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

The plaintiff has satisfied the procedural requirements for default judgment. Pursuant to Rule 55(a), the clerk properly entered a default against the defendant. ECF No. 8. Because the defendant has neither answered nor otherwise responded to the complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment. And the *Eitel* factors support entry of a default judgment in this case.

Under the Fair Debt Collections Practices Act, a debt collector who violates that statute may be liable for up to $1,000 in statutory damages plus the costs and attorney's fees incurred by the plaintiff. 15 U.S.C. § 1692k. The plaintiff has documented the fees and costs incurred and they are reasonable under the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

IT IS HEREBY ORDERED that the Motion for Entry of Default Judgment **(ECF No. 10) is GRANTED**. The Clerk of Court is instructed to enter default judgment in favor of the plaintiff and against the defendant totaling $5,097 as follows:

1. $1,000 in statutory damages;
2. $3,627 in reasonable attorney's fees; and
3. $470 in costs.

Date: August 4, 2017

_____
UNITED STATES DISTRICT COURT JUDGE